(No. 36227.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES NAUJOKAS, Plaintiff in Error.

*Opinion filed May 25, 1962.*

DAVID J. KRUPP, of Chicago, appointed by the court, (LAURANCE P. NATHAN, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, and E. MICHAEL O'BRIEN, Assistant Attorneys

General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant James Naujokas was indicted in the criminal court of Cook County on charges of robbery and armed robbery. He was tried before a jury, found guilty, and sentenced to confinement at hard labor in the penitentiary for the term of his natural life.

Defendant brings this writ of error, contending that he was erroneously sentenced under the Habitual Criminal Act; that the trial court erred in denying his motions for a mistrial, in instructing the jury, in refusing cross-examination of a witness for the State, and in admitting into evidence a certain exhibit offered by the State; and further contending that the assistant State's Attorney who tried the case made prejudicial remarks during his closing argument.

The People confess error in that defendant was improperly sentenced under the Habitual Criminal Act, and for this reason alone, the case will be reversed and remanded for correction of the sentence. We will consider the other contentions of defendant separately.

On April 23, 1957, shortly after 4:00 P.M., Joseph Lukaszek, a route man, was confronted at the back of his delivery truck by a man armed with a gun, who took $169 from him, and then escaped. At a police line-up later the same day, Lukaszek identified the defendant as the man who had robbed him, and also identified the defendant in court. A witness, Lucien Sejud, jotted down the license number of the car in which the robber made his escape. The car was traced to the owner, from whom the defendant had borrowed it, and the defendant was arrested that night as he returned the car. As he was arrested he drew a gun which was taken from him by the police. A statement, admitted into evidence, was taken from the defendant in the early

morning of April 24, 1957, in which he confessed to the armed robbery. The defendant produced witnesses who testified that he left the home of friends shortly before 4:00 P.M. on the day in question and arrived at a tavern shortly after 4:00 P.M. and stayed there until after 7:00 P.M.

During direct examination of officer Andrysiak, one of the arresting officers, he was asked what he did with relation to the defendant after the line-up. The witness answered that he went to defendant's home and searched it with defendant's permission and found a quantity of ladies' and children's clothing. The witness, continuing his answer, stated: "I says to him, 'Who does this belong to?' He says, 'Well, if you give me a break I will tell you who it belongs to.' I said, 'You are not getting any break from me. These clothes apparently must be stolen.' Then he told us who the clothes—.'" At this point counsel for the defendant objected to the statement and asked for a mistrial. The court immediately interrupted the witness, denied the motion for mistrial, sustained the objection, struck the answer and instructed the jury to disregard it.

On cross-examination of officer Devitt, another arresting officer, counsel for the defendant asked: "But at the show-up he said that he didn't do it, didn't he?" Officer Devitt answered: "Well, he . . . as . . . well, he was caught with the goods in the basement of his place and he was trying to weasel out. He was in bad shape at the time having been in prison. Just being out of prison a short time, he knew the . . ." Upon objection and motion for a mistrial, the court again denied the motion, but sustained an objection to the answer, and directed the jury to disregard the answer. It is apparent that the quoted testimony of both police officers was incompetent and irrelevant. However, in the first incident the answer was not responsive and was not adduced by the question asked by the State's Attorney. In the second incident the testimony was likewise improper but was not the responsibility of the State, as it occurred

during cross-examination by defense counsel. In addition the prompt action of the court in interrupting the testimony, striking the answer, and admonishing the jury served to cure any possible error. In view of the fact of the court's prompt action and the fact that the testimony was not adduced by action of the State, we feel that the court was not in error in denying the motions for a mistrial. *People* v. *Crawford*, 23 Ill.2d 605; *People* v. *Burage*, 23 Ill.2d 280.

The defendant next contends that the trial court erred in giving the following instruction to the jury, on the defendant's defense of an alibi: "The court instructs the jury that before a defendant can avail himself of the defense of an alibi, the proof must cover the whole of the time of the commission of the crime, so as to render it impossible or highly improbable, that the defendant could have committed the act; and unless the proof in a case covers the whole time, so as to render the commission of the crime by a defendant impossible or highly improbable, then that defense is not available to such defendant."

In *People* v. *Pearson*, 19 Ill.2d 609, we severely criticized the identical instruction both as having undesirable overtones bearing upon the burden of proof and as being inapplicable to the facts of that case. We held, however, that the error contained in said instruction regarding the burden of proof was obviated by other alibi instructions identical to those given in the case at bar. In the present case, unlike the *Pearson* case, there is a gap in the time accounted for by alibi witnesses. In the *Pearson* case we also examined the entire record and held that the giving of this criticized instruction could not affect the ultimate outcome of the trial. In carefully considering the present record, the positive identification of the accused, his confession, and the other facts and circumstances, we cannot find that the ultimate outcome of the trial could have been affected by giving the challenged instruction. Pursuant to Rule 25 of this court we have considered the question of the propriety of this in-

struction, even though no objection was made to it, but we find that no prejudice to the defendant resulted from giving the disputed instruction.

The defendant next contends that the trial court erred in refusing to allow counsel for the defendant to cross-examine a witness for the State, in order to show bias on the part of the witness. This witness was Officer Devitt, who had been recalled to testify concerning events at the police station after the defendant had been arrested. Defense counsel endeavored to question the officer to establish that he and the two occurrence witnesses for the State lived in the same neighborhood, and were friends.

We agree that generally the widest latitude should be allowed the defendant in cross-examination for the purpose of establishing bias, (*People* v. *Goehringer,* 196 Ill. App. 472; *People* v. *Warfield,* 261 Ill. 293,) but we cannot agree that there was error in limiting cross-examination of the witness when he had been called on rebuttal for a limited purpose. The defendant had been permitted wide latitude in his cross-examination when Devitt had first been called, and looking at the record as a whole we fail to see that defendant was prejudiced by the court's sustaining an objection to his proposed line of questioning.

The defendant next contends that the trial court erred in admitting People's exhibit 1, a page of a notebook, in evidence, on the ground that no proper foundation had been laid. Officer Andrysiak testified that he and his partner were listening to a police radio, and heard a broadcast of a license number. This witness stated that his partner wrote the license number in his notebook. The page of the notebook containing this jotting was admitted in evidence.

In his oral argument before us, counsel for the defendant conceded that the document was of little probative value, and we agree. There was ample testimony that a license number had been observed by the witness Sejud, that this number was transmitted by radio, that the auto to which

it was assigned was traced, and that the defendant was apprehended while driving that car. We cannot discern any prejudicial error in admitting the exhibit.

Finally, the defendant contends that remarks of the State's Attorney in his closing argument were prejudicial, and deprived the defendant of a fair trial. The prosecutor referred to the defendant as a boy who was "alley-wise" and one who "knows this game from A to Z," and contended that the defendant "has been proved a liar, a thief and a robber." While the remarks were improper, nevertheless, in view of the clear and convincing evidence of guilt of the crime charged, we are unable to say that the remarks may have influenced the result, or that the verdict could have been otherwise had the remarks not been made. *People v. Stephens,* 6 Ill.2d 257.

From a review of the record we are of the opinion that the defendant was proved guilty beyond a reasonable doubt of the crime of robbery, and that the errors committed during the trial did not prejudice the defendant. Accordingly, except on the first point concerning the sentence, we must hold adversely to the defendant. The conviction is affirmed, but the cause is remanded with directions to correct the sentence.

*Affirmed in part and remanded, with directions.*