(No. 44027.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. NATHANIEL BARR *et al.*, Appellants.

*Opinion filed March 21, 1972.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES B. HADDAD, of counsel), for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and HENRY A. HAUSER, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Petitioners Nathaniel Barr, David Wright and James Nelson were convicted in a Cook County circuit court jury trial of armed robbery and rape and were sentenced to concurrent terms of 10 to 25 years imprisonment. The appellate court affirmed *(People v. Barr (Ill.App. 1970), 266 N.E.2d 430),* and we granted leave to appeal.

Complainants, Willie Moore and his wife, while seated in their parked automobile, were approached by a group of young men and women. Moore was robbed at gunpoint and Mrs. Moore was pulled from the car and raped. The complainants' car was taken while Moore attempted to aid

his wife. At trial, Moore identified defendant Nathaniel Barr as being the man with the gun, and Mrs. Moore identified defendants James Nelson and David Wright as the two individuals who had dragged her from the car. Both complainants testified to their earlier identification of the defendants at a police lineup. Darrel Montgomery, a witness for the State, testified to his prior acquaintance with the defendants and identified Nathaniel Barr as carrying a gun at the scene of the crime and James Nelson as having pulled Mrs. Moore from the car. He also stated that he saw David Wright "swinging a man around." During cross-examination by defense counsel, Montgomery admitted that he had been in the victims' car subsequent to the incident in question, that twenty-four hours after the occurrence he was "picked up" by the police while leaning against the car, and that he had not volunteered information about the crime to the police. Defense counsel's other questions relating to possible criminal charges against Montgomery in connection with the car were successfully objected to as being beyond the scope of direct examination.

Defendants contend the trial court erred in restricting defense counsel's attempts to impeach Darrel Montgomery by establishing, as a possible motive to testify falsely, that criminal charges against him were dropped in consideration of his testimony.

The accused has a right to question a witness concerning any matter which goes to explain, modify, or discredit what he said on direct examination *(People v. Morris (1964), 30 Ill.2d 406; People v. Aughinbaugh (1967), 36 Ill.2d 320),* and the fact that a witness has been arrested or charged with a crime may be shown or inquired into where it would reasonably tend to indicate that his testimony might be influenced by interest, bias, or a motive to testify falsely. *(People v. Mason (1963), 28 Ill.2d 396.)* Furthermore, though the scope of cross-examination is generally within the trial court's discretion,

"the widest latitude should generally be allowed the defendant in cross-examination for the purpose of establishing bias." *People v. Mason (1963), 28 Ill.2d 396, 403; People v. Naujokas (1962), 25 Ill.2d 32.*

In this case Darrel Montgomery had corroborated the identification testimony of the complainants, and inquiry into his possession of the victims' car and possible criminal charges arising therefrom was, in our judgment, permissible for purposes of impeachment. We accordingly hold the trial court's restriction on this inquiry was an abuse of discretion and prejudicial error.

It is unnecessary, in view of this holding, to discuss questions raised regarding our earlier decisions limiting the *Wade-Gilbert* rule to post-indictment lineups.

The judgments of the Appellate Court, First District, and the circuit court of Cook County are reversed and the cause remanded for a new trial.

*Reversed and remanded.*