THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY PAUL KRISTON, Defendant-Appellant.

(No. 71-347;

Second District—June 6, 1973.

Paul Bradley, of Defender Project, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The appellant, Henry Kriston, was indicted together with his brother, Charles Kriston, and Charles Fick by the grand jury of Lake County and charged with the offenses of attempt to commit murder and aggravated battery. The two Kristons were tried together before a jury and found guilty of aggravated battery with a directed verdict in their favor on the charges of attempt. Henry Kriston was sentenced to probation for 5 years with the first 8 months to be served at the State farm at Vandalia. On appeal, he contends that the evidence did not prove his

guilt beyond a reasonable doubt and that the jury was prejudiced against him as a result of an improper display of a chain during his trial.

The evidence showed that the Kriston brothers were at the Universal Restaurant on the north side of Madison Street in Waukegan at approximately 12:00 A.M. on July 25, 1970. Also at, or in front of, the restaurant were Fick, his girlfriend, Pat Rooney, and Roger Spice, Larry Ebler and Roberta Fletcher.

Spice went into the restaurant and purchased a hamburger and returned with it to the sidewalk in front of the restaurant where the others were standing and talking. When Spice refused to give Fick a portion of his hamburger, Fick struck him in the face. Ebler then grabbed Fick and the two began to fight, falling on the ground, until Charles Kriston pulled Ebler off of Fick and Ebler ran down the street. The testimony of all the witnesses, except for insignificant details, is consistent up to this point but there is a conflict in what occurred thereafter.

Kenneth Clark, an assistant State's Attorney for Lake County, testified for the State that he was leaving the Burgundy Room Lounge with Wayne Flanigan, an assistant public defender, with their wives at approximately 12:30 A.M. The Lounge is located directly across the street from the Universal Restaurant on the south side of Madison. Clark observed a fight in progress across the street and saw a boy in a blue shirt (Ebler) attempting to get up. He saw another person with blond hair and a motorcycle jacket (identified as Charles Kriston) pull Ebler up and Ebler run to the east. Clark testified that he then saw Fick turn to a boy in a white shirt (Spice), who was standing on the sidewalk in the entrance to an alley adjoining the restaurant to the east. He saw Spice put his hand up and heard him say "I don't want to fight". Fick then punched Spice and, Clark testified, the two Kriston brothers grabbed Spice's arms and held him from either side while Fick struck him on the head with a chain. They then dragged Spice back into the alley where the Kriston brothers kicked him in the head and Fick hit him again with the chain. As Clark crossed the street, Fick and the Kristons came out of the alley and he had a good look at their faces. Clark went back into the alley to Spice who lay, unconscious, with his head under a water pipe.

Clark stated that there was little traffic on Madison street at the time; that there were street lights in front of the Burgundy Lounge and on the north side of Madison and that the area was well lighted and he was able to see into the alley with no difficulty. He testified that Fick and Charles Kriston wore motorcycle jackets with insignias and that Henry Kriston had on levis and motorcycle boots but no shirt or jacket.

Flanigan also recalled seeing Fick turn to Spice after Ebler had left and Spice raise his hands at the entrance of the alley and state that he

didn't want to fight. He testified that he then saw Fick strike Spice with a chain and Spice "crumple" to the ground. Then, Flanigan recalled, the Kristons took Spice by either arm and dragged him back in the alley where they laid him down by the rainpipe and Fick and both Kristons hit and kicked him. He also saw Fick and the Kristons as they left the alley and said that Charles Kriston and Fick wore blue levi's, motor-cycle jackets, cut off on the sleeves, with various insignias and signs on the jackets. The other Kriston, he recalled, had no shirt.

Martin Salminen, a third eye-witness to testify for the State, stated that he was walking down Madison when the fight broke out. He testi-fied that he saw "a tall blond-haired fellow" (identified as Charles Kris-ton) pull Ebler off of Fick and that Fick and Charles ran after Ebler. They then returned to the alley and started to push Spice back into it and Spice threw up his hands and said he didn't want to fight. He also observed a "fellow" without a shirt but didn't see him push or strike Spice. Salminen saw Fick strike Spice with a chain and the tall blond-haired fellow kick him. He was unable to identify Henry Kriston as the individual without the shirt.

In the meantime, Mrs. Clark had telephoned the police who arrived on the scene shortly thereafter where all three defendants were arrested a short distance away.

Six witnesses testified for the defense. Charles Kriston testified that he pulled Ebler off of Fick and then went to the door of the restaurant where he stood with his brother. He saw Fick push Spice into the alley and strike him with a chain. He also testified that a Roy Miller stood next to Fick and went into the alley and kicked Spice while he was on the ground. Charles said he wore a cut-off levi jacket with engineer's boots that night.

Mary Radky and Judy Grubbs testified that they had gone to the restaurant with Roy Miller and were talking with the Kristons when the fight in the alley started. The two girls stated they then crossed the street but kept looking back and that neither of the Kristons left the front of the restaurant or went into the alley. Mary Radky said she later observed blood on Miller's boots and that he said he had "kicked a guy in the head." Judy Grubbs testified that Miller was wearing a "splashy"" shirt.

Bob Worthington testified that he was at the scene during the attack and that only he, Fick, Spice, and Roy Miller were in the alley when Spice was beaten. He said that Fick hit Spice with the chain and that Miller kicked him until Worthington pulled him away. He also testified that the Kristons did not go into the alley and that he heard them "holler-ing" from the street.

Henry Kriston testified that he and Charles stood near the door of the restaurant and saw Fick, Spice, Worthington and Miller go into the alley. He said it was dark in the alley and he could not see the fight too clearly.

Fick, called as an adverse witness, admitted that he struck Spice with a chain and that Miller kicked Spice in the alley. He did not see either of the Kristons in the alley or anyone but Miller kick Spice. He testified that he and Charles Kriston were the only persons present with motorcycle jackets and both had insignias on the back and that Henry Kriston had no jacket or shirt.

Spice testified that Fick hit him with a chain and that two persons stood by his sides and held his arms but did not see who it was. He also testified that he was hospitalized for 7 days as a result of his injuries.

The defendant contends that the testimony of the State's witnesses contains so many inconsistencies and improbabilities that, when considered with the evidence offered by the defense, his guilt was not established beyond a reasonable doubt. He points out that Clark testified that he saw Worthington kick Ebler during the first fight, a fact denied by all other witnesses including Ebler. Clark also stated that the first fight was in the front of a dry cleaners east of the alley whereas all other witnesses agree that it was in front of the restaurant. He also reminds us that Salminen testified that Fick and Charles Kriston chased Ebler, a fact contradicted by all of the other evidence. He further emphasizes that Clark testified that the Kristons held Spice's arms while Fick first hit him; that Flanigan said they only took his arms and dragged him back into the alley after he had "crumpled" from the first blow; and that Salminen stated that Fick and Charles Kriston pushed Spice to the ground before Fick pulled out the chain.

■■ Of course, these, and the other discrepancies repeated by the appellant in his brief, were all before the jury and were properly a matter for their consideration of the credibility of the witnesses and the weight to be given to their testimony. The jury also could consider the positive identification of Henry Kriston by both Clark and Flanigan. It is well established that a positive identification by even one witness, who had a good opportunity to observe an accused in terms of length of time, proximity and lighting conditions, is sufficient to sustain a verdict of guilty. (*People v. Solomon,* 24 Ill.2d 586, 591, 182 N.E.2d 736; *People v. Pride,* 16 Ill.2d 82, 156 N.E.2d 551.) Both Clark and Flanigan testified that Henry Kriston was the only person present with no shirt or jacket, a fact corroborrated by Fick and not denied by any other witness including the Kristons. Also, they both testified that they observed Henry, together with his brother and Fick, as they walked out of the alley.

■■ It is true that the defense produced more witnesses than the State but it is equally true that a jury's verdict will not be reversed on appeal for that reason alone. (*People v. Setzke,* 22 Ill.2d 582, 586, 177 N.E.2d 168.) The jury was also justified in taking into consideration the close relationship between the appellant and several of the witnesses who testified in his behalf. (*Pfaelzer v. Kostner,* 87 Ill.App.2d 315, 231 N.E.2d 668.) Fick was a good friend of Charles Kriston and a member of the same motorcycle gang. Mary Radky, Judy Grubbs and Worthington were all acquainted with the Kristons but did not know Spice.

While Mary Radky, Worthington and Fick all testified that Roy Miller kicked Spice and was in the alley, the jury could consider the other testimony that Miller wore a "splashy", flowered shirt that night and that the possibility of the State's witnesses confusing Miller with the Kristons was extremely remote.

■■ The witnesses for the State gave substantially the same testimony as to the major details of the aggravated battery including the identity and appearance of the participants and we cannot say that the verdict of guilty was so palpably contrary to the weight of the evidence to warrant reversal. *People v. Malmenato,* 14 Ill.2d 52, 150 N.E.2d 806.

The defendant also contends that the evidence did not prove his guilt beyond a reasonable doubt by accountability principles. Section 5—2 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, sec. 5—2) provides in part as follows:

"A person is legally accountable for the conduct of another when:
   \*   \*   \*

(c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense.   \*   \*   \*"

■■ As has been pointed out in earlier cases, the statute is not intended to resurrect the discredited doctrine of guilt by association. (*People v. Ramirez,* 93 Ill.App.2d 404, 236 N.E.2d 284, 288.) Under the section, the prosecution must prove beyond a reasonable doubt (1) that the defendant solicited, aided, abetted, agreed or attempted to aid another person in the planning or commission of the offense; (2) that his participation took place either before or during the commission of the offense; and (3) it must have been with the concurrent, specific intent to promote or facilitate the commission of the offense. *People v. Tillman,* 130 Ill.App.2d 743, 749, 750, 265 N.E.2d 904, 909.

■■ The defendant argues that the evidence failed to show beyond a reasonable doubt that he either aided or abetted Fick in the planning or commission of the beating of Spice but that, on the contrary, it estab-

lished that he merely happened to be on the scene. As has been already pointed out, both Clark and Flanigan positively identified the defendant as having held Spice by the arms and kicked him as he lay on the ground. Both witnesses identified Henry Kriston as the only person present with no shirt or jacket. Under these facts, we cannot say that his guilt under the principle of accountability was not proven beyond a reasonable doubt.

Sergeant Charles Mason of the Waukegan police testified as to the circumstances of his arrest of Fick and the Kristons a short distance from the scene of the fight. The record indicates the following colloquy during his direct examination:

"(Mason)  *  *  *  Shortly thereafter I received a chain from Deputy Walters of the Lake County Sheriff's Office.

Q. Do you have that with you?

A. Yes, sir.

Q. Can I see it?

A. Yes, sir.

Q. Where has this been since that particular date when you received it from Mr. Walters?

A. In the evidence and property room of the Waukegan Police Department.  *  *  *

Q. Looking at that particular chain right now, Officer Mason, is it in the same condition now as it was on the date you received it?

A. Yes."

No attempt was made to offer the chain into evidence nor does any further reference to it appear in the record. Defense counsel did not object to Mason's testimony relative to the chain on the assumption that it would be offered into evidence. The State admits that, under the circumstances, the display of the chain was improper but that it was harmless error. We agree.

All of the witnesses testified that Fick struck Spice with a chain. The State never argued, nor did any of its witnesses testify, that either of the Kristons wielded or even touched the chain. In view of the other evidence in the case, we do not feel that the jury was, or could have been, prejudiced against Henry Kriston as a result of the display of a chain during his trial.

For the reasons stated, the judgment of the trial court will be affirmed.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.