THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID SMILEY, Defendant-Appellant.

(No. 61676;

First District (4th Division)—October 8, 1975.

James J. Doherty, Public Defender, of Chicago (Laurence J. Bolon, John T. Theis, and Robert Handelsman, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (James L. Rhodes and Suzanne M. Xinos, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

In a bench trial, defendant, David Smiley, was convicted of the misdemeanor offense of battery and was sentenced to a 60-day term of imprisonment. From the judgment of conviction the defendant appeals, raising but one issue: whether he was proven guilty beyond a reasonable doubt.

The complaining witness, Robert Grousnick, testified on direct examination that, at approximately 8:30 p.m. on October 26, 1974, he heard a noise at the rear of his property and saw David Smiley in the alley looking through garbage cans. Grousnick further testified that he asked Smiley "what he was doing there." In response to Grousnick's question, Smiley turned and came toward Grousnick, said "mind [your] own business," and struck Grousnick in the face with a fist.

Defendant, David Smiley, testified that, as he was walking down the alley, Grousnick approached and asked Smiley what he was doing walking down the alley. "I told him unless he shows me a badge or shows me he's an officer of the law, I don't have to answer any of his questions." Smiley further testified that Grousnick then "took me and threw

me up against the fence and started searching me." A scuffle ensued.

Positive testimony of even one witness, if credible, is sufficient to convict. (*People v. Catlett* (1971), 48 Ill.2d 56, 268 N.E.2d 378.) However, where the evidence of the prosecution is improbable, unconvincing, or contrary to human experience, a reviewing court will not hesitate to reverse a judgment of conviction. *People v. Stevenson* (1962), 25 Ill.2d 361, 185 N.E.2d 199.

This court finds the testimony of the complaining witness in the instant case to be unconvincing and contrary to human experience. It is more consistent with human experience that the complainant saw defendant in the alley and attempted to search him. This court is not convinced, without more, that defendant, simply upon being asked why he was in the alley, struck the complainant. This evidence, standing alone, does not justify the judgment of the circuit court.

The judgment of conviction of the Circuit Court of Cook County is reversed.

Judgment reversed.

DIERINGER, P. J., and JOHNSON, J., concur.