THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAFAEL MARICHEC, Defendant-Appellant.

First District (5th Division)    No. 63034

Opinion filed August 13, 1976.

James J. Doherty, Public Defender, of Chicago (Owen Greenberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Edward D. Stern, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was found guilty in a bench trial of the battery of John Luckett and the aggravated assault of his wife, Maggie Luckett. He was sentenced to a term of 180 days, and in this appeal he contends (1) that the State failed to prove his guilt beyond a reasonable doubt; and (2) that the court improperly restricted his cross-examination of the complaining witness, John Luckett.

Involved here is an incident in which defendant allegedly pistol-whipped Luckett and threatened to shoot the latter's wife. Four witnesses testified for the State—Luckett, his wife Maggie, his niece Minnie Harris, and his nephew Henry Baldwin.

Luckett testified that he told defendant's girl friend, Brenda Williams, she wasn't welcome in his house and, because defendant didn't like the way Luckett had spoken to his girl friend, he struck Luckett on the head with a pistol and shoved him through the doorway leading to the latter's second floor apartment. When his wife came out of the apartment, Luckett said that defendant pointed the gun at her and threatened to shoot if she came downstairs. After striking Luckett two or three more times, defendant then left with Brenda Williams.

Luckett's wife substantiated this testimony, stating that she heard a disturbance, and when she opened the door she observed defendant beating her husband with a pistol. Defendant pointed the gun at her and said that if she didn't get back upstairs he would kill her. She went upstairs and called the police.

Minnie Harris, who lived in an apartment on the first floor, stated that she opened her door after hearing a commotion and saw defendant with a gun against her uncle's head. After she had closed the door, she heard defendant threaten to shoot her aunt, Mrs. Luckett. Henry Baldwin testified that he saw defendant leaving the house with a gun in his hand and then, after he entered the house, he saw his uncle bleeding from the head.

Defense witnesses gave a contradictory version of the altercation. They testified that the incident had occurred in front of the house and that Luckett had been the aggressor. Fannie Staley, a neighbor of defendant, said she, defendant and Brenda Williams had left a card game to get something to drink at a local liquor store. After buying a drink, Brenda Williams crossed the street to Luckett's house and, when Luckett cursed her and raised a bottle near her, defendant crossed the street and began to argue with Luckett. She then saw Luckett raise the bottle as if to strike

defendant. She didn't see Luckett strike defendant but did observe defendant repeatedly hit Luckett.

Two other friends of defendant, Barbara Davis and Brenda Williams, testified in substance that Luckett was the aggressor. Davis stated that Luckett brushed up against the shoulder of defendant with a bottle, and defendant then struck him three or four times. Williams said Luckett attempted to punch defendant—who then struck Luckett repeatedly, knocking him to the ground.

The trial judge, in finding defendant guilty, concluded that the defense version of the incident was "unworthy of belief."

OPINION

Defendant first contends that the State failed to prove him guilty beyond a reasonable doubt. He argues that the State's evidence was so unsatisfactory and unreasonable as to raise a serious doubt of his guilt.

■■ The question of the credibility of witnesses is left to the discretion of the trier of fact, who is in a superior position to observe the demeanor of the witnesses and to evaluate their testimony (*People v. Hampton*, 14 Ill. App. 3d 427, 302 N.E.2d 691), and this court will not reverse such a determination unless the evidence presented is improbable, unconvincing or contrary to human experience. *People v. Smiley*, 32 Ill. App. 3d 948, 337 N.E.2d 290.

Defendant attacks the prosecution testimony as being improbable and contrary to human experience. He questions the fact that Ms. Harris "just happened" to open her door when defendant was pointing a gun at her aunt and that Baldwin "just happened" to arrive at the same time defendant was leaving the building. We note, however, that Ms. Harris opened the door for only about five seconds because of a disturbance she heard in the hall, and it was after she closed the door that she heard defendant threaten her aunt. We see nothing in this testimony or the fact that Baldwin arrived on the scene as defendant was leaving that is so incredible or contrary to human experience as to require a reversal of defendant's conviction.

■■ Neither do we believe, as defendant argues, that because the aggravated assault and battery complaints were not filed by the Lucketts until a few weeks after the incident, their testimony was unworthy of belief.[1] It appears uncontradicted that the police were called by Mrs. Luckett and that they arrived shortly after the altercation. We think that these facts would tend to negate any inference that the Lucketts were not credible because of the delay in filing complaints.

---

[1] The record reflects that the incident occurred on February 15, 1975, and that Mrs. Luckett filed the aggravated assault complaint on February 28, 1975, while Mr. Luckett filed the battery complaint on April 10, 1975.

Defendant also suggests the testimony of Luckett's wife, that she saw her husband lying on the floor and observed defendant beating him with a pistol, is contrary to the testimony of her husband, which indicated that he was beaten before and after his wife came out of the apartment but not during the time she was present. However, from our review of the testimony, it appears that the trial judge could have believed she was merely drawing an inference, from observing her husband bleeding on the ground with defendant standing over him with a pistol, that defendant was beating him. In any event, we do not see her testimony to be so inconsistent or improbable to require reversal.

■■ Defendant urges additionally that because the State's witnesses were related, their testimony should not have been believed, in contrast to the allegedly more credible testimony offered by defendant's friends. The relationship of witnesses is admissible to show bias (*People v. Kriston*, 12 Ill. App. 3d 18, 23, 297 N.E.2d 206), but we note that it was fully brought out here without curtailment on the right of defendant to do so. The effect of the kinship of the witnesses and the resolution of the conflicting accounts of the incident presented questions of credibility which, as we have stated above, were for the trial judge in a bench trial. The court found the version of the incident offered by the defense witnesses to be unworthy of belief and inferentially that the State's witnesses were credible. From our review of the record, we cannot say that the trial court erred in its assessment of credibility, and we are of the opinion that the evidence sufficiently established defendant's guilt beyond a reasonable doubt.

Defendant also contends that the trial court committed reversible error in sustaining the prosecutor's objection to a question asked Luckett during cross-examination as to whether he had a battery charge pending against him signed by defendant. Defendant argues this question was proper to show that, because of the charge against him, Luckett had a strong motive to testify falsely about the incident.

■■ The fact that a witness has been charged with a crime may be shown or inquired into where it would reasonably tend to indicate that his testimony might be influenced by interest, bias or a motive to testify falsely. (*People v. Barr*, 51 Ill. 2d 50, 280 N.E.2d 708.) While wide latitude should be allowed on cross-examination to establish the bias of a witness (*People v. Mason*, 28 Ill. 2d 396, 192 N.E.2d 835), this is largely a matter for the sound discretion of the trial court (*People v. Halteman*, 10 Ill. 2d 74, 139 N.E.2d 286), and only where there is clear abuse resulting in manifest prejudice to defendant will the reviewing court interfere. *Halteman; People v. Hanks*, 17 Ill. App. 3d 633, 307 N.E.2d 638.

■■ We note, initially, that an inference could clearly have been drawn by the trial court here that Luckett felt hostility towards defendant

as a result of his testimony of the beating he incurred, and thus the court could have concluded that an affirmative answer would have been merely cumulative. Further, we believe that the three cases cited by defendant (*People v. Mason*, 28 Ill. 2d 396, 192 N.E.2d 835; *Richardson v. Commonwealth* (1923), 201 Ky. 395, 257 S.W. 8, and *Yarbrough v. State* (1894), 105 Ala. 43, 16 So. 758) are distinguishable. We agree with the general rule stated in those cases to the effect that a previously filed charge against a witness arising out of a prior incident is admissible to indicate bias. (*Lord v. Reed*, 254 Ill. 350, 98 N.E. 553; *Werdell v. Turzynski*, 128 Ill. App. 2d 139, 150, 262 N.E.2d 833.) However, each of those cases involves a situation in which defendant's complaint against the witness was first in time, and we believe that the rule should be applicable only in such an instance, as otherwise a defendant could file a subsequent complaint which would be purely self-serving and, as such, would be improperly admitted. (See *Lord.*) In the instant case, there was no indication in the question asked, or from the record, whether defendant's complaint was first in time; neither was it based on a prior, unrelated incident, as in *Richardson* and *Yarbrough*; nor was there any suggestion that defendant here sought leniency from prosecution in return for his testimony, as in *Mason*. Therefore, we feel that the question in the form asked did not indicate any hostility of Luckett that did not appear clear from the evidence already received. (See *People v. Bridgeforth* (1972), 51 Ill. 2d 52, 281 N.E.2d 617, *appeal dismissed,* 409 U.S. 811, 34 L. Ed. 2d 66, 93 S. Ct. 100, 190.) In these circumstances, we do not believe the court abused its discretion in sustaining the objection to the question in dispute and, in any event, we see no manifest prejudice to defendant resulting therefrom. See *Halteman; Hanks.*

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.