THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEVE
WAGNER *et al.*, Defendants.—(DONALD L. FINCHEM, Defendant-
Appellant.)

Fourth District   No. 15492

Opinion filed October 3, 1979.

Richard J. Wilson and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Kenneth R. Boyle, State's Attorney, of Carlinville (Marc D. Towler and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Following a jury trial in the circuit court of Macoupin County, defendant Donald Finchem was convicted of rape, deviate sexual assault, and two counts of contributing to the sexual delinquency of a child. He was sentenced to two concurrent terms of 20 years' imprisonment for the offenses of rape and deviate sexual assault. No sentence was imposed on the other two convictions.

■■ The two convictions for contributing to the sexual delinquency of a child should be reversed because they arose from the same physical acts as the convictions for rape and deviate sexual assault. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The State concedes this issue.

The remaining issues raised by defendant on appeal are (1) he was denied due process and a fair trial by testimony and questions concerning his refusal to make a written or recorded statement, although he made an oral statement, (2) portions of the State's closing argument were improper and prejudicial, (3) in sentencing, the trial court improperly considered criminal conduct for which defendant had not been convicted, and (4) his sentence was excessive.

The offenses for which defendant was convicted occurred in the late evening or early morning when defendant drove a 16-year-old girl and

four other males, including the girl's boyfriend, to a lake outside Staunton. Evidence was presented that defendant and the girl's boyfriend pulled the girl from the car, defendant and another man removed her clothing, and defendant then had intercourse with her while the other two men restrained her. Defendant admitted that he had performed an act of deviate sexual assault with the girl, but denied that she had resisted or screamed at any time during the incident.

At trial, three police officers were called as State's witnesses and questioned concerning events after defendant was taken into custody. They testified that after one of them read defendant the *Miranda* warnings, defendant refused to make a written statement or to permit his statement to be taped, but he did give an oral statement. During cross-examination of defendant, the prosecutor asked him if that testimony was correct and defendant stated that it was.

Relying on *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, defendant contends that these references to his post-arrest silence constituted reversible error. In *Doyle*, the court held that a defendant's complete post-arrest silence could not be used for impeachment purposes. The court reasoned that silence in the wake of *Miranda* warnings is "insolubly ambiguous" because it may be nothing more than the arrestee's exercise of his rights, and that the *Miranda* warnings carry an implicit assurance that silence carries no penalty. (426 U.S. 610, 617-18, 49 L. Ed. 2d 91, 97-98, 96 S. Ct. 2240, 2244.) Under some circumstances, *Doyle* might also be applicable to partial post-arrest silence. See *People v. Green* (1979), 74 Ill. 2d 444, 386 N.E.2d 272 (references to partial silence were improper but harmless error under the circumstances).

■■ In the instant case, it was undisputed that defendant refused to give a written or recorded statement but immediately thereafter made an oral statement. Under these circumstances, in refusing to give a written or taped statement, defendant was not exercising his right to silence but was merely dictating the manner in which he would waive that right. We find no violation of defendant's constitutional rights in the testimony and questioning cited above.

■■ Defendant next contends that portions of the prosecutor's rebuttal closing argument were improper personal opinions on the truth or falsity of defendant's testimony. After discussing a portion of defendant's exculpatory testimony, the prosecutor stated,

> "If we can believe his [defendant's] story from that witness stand, we will also believe in the tooth fairy, hippity hop bunny rabbit and Santa Claus."

Later, after contrasting defendant's testimony that the victim consented against other testimony indicating force, he stated,

> "Ladies and Gentlemen of the jury, I know the State is not

privileged very often to have this kind of evidence in a rape case. The only thing we could have better is if we had a movie camera out there and there is no way unfortunately for us that criminals provide us with motion pictures of their crimes."

While this type of closing argument was improper, we do not find the argument here to be so prejudicial as to require reversal.

■■ Defendant next contends that in sentencing, the court improperly considered alleged criminal conduct for which he had not been convicted. Evidence was presented concerning defendant's attempt to escape from the county jail the night before the sentencing hearing and also regarding an incident in December 1977 involving a young woman which resulted in defendant being charged with battery. Evidence of defendant's conduct in jail is a proper subject for consideration in sentencing, even if defendant's behavior amounted to criminal conduct for which he had not been charged or convicted. (*People v. Loomis* (1971), 132 Ill. App. 2d 903, 271 N.E.2d 66.) As in *Loomis*, evidence of defendant's conduct while in jail was presented formally with due opportunity for confrontation and cross-examination.

■■ With respect to the 1977 battery charge, the record indicates that defendant had pleaded guilty to that charge but had not been sentenced. In any event, the court in sentencing can properly inquire into " 'the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, [and] the stimuli which motivate his conduct, * * *.' " (*People v. Barksdale* (1976), 44 Ill. App. 3d 770, 781, 358 NE.2d 1150, 1158, citing *People v. Adkins* (1968), 41 Ill. 2d 297, 301, 242 N.E.2d 258, 260.) Here, the court properly considered evidence of this incident which had overtones of sexual misbehavior. Unlike *Barksdale*, the victim of this conduct did not testify. However, defendant was asked about the charge, and he explained the incident and admitted that he had put his hand under the woman's dress.

Finally, defendant contends that his sentence to two concurrent terms of 20 years' imprisonment was excessive both in itself and in relation to the 2 to 6 year sentence imposed on his codefendant, Steve Wagner. Defendant and Wagner had been jointly charged with the offenses for which defendant was convicted, but prior to defendant's trial, Wagner was charged with and pleaded guilty to attempt (deviate sexual assault).

■■ Although fundamental fairness and respect for the law require that similarly situated offenders receive similar sentences (*People v. Nester* (1976), 40 Ill. App. 3d 735, 353 N.E.2d 23), we do not find the difference between the sentences imposed here to be improper. Wagner pleaded guilty to a lesser offense than those for which defendant was convicted.

Evidence presented at defendant's trial indicated that defendant was the primary planner and executor of the crimes charged. Moreover, Wagner's prior criminal record consisted of one conviction for burglary whereas defendant, who was several years older, had a history of unacceptable sexual behavior. He had been expelled from school for inappropriate sexual conduct, had been convicted of an assault on a young woman with a knife, and had been committed to a State mental hospital in Missouri as a sexually dangerous psychopath after being charged with "attempt rape to assault with intent to ravish." He committed the offenses involved here while on probation from that hospital. In addition, he fled the State to avoid prosecution and attempted to escape from jail prior to sentencing. ■ With this history of prior criminal and unacceptable sexual behavior, the sentence imposed on defendant was also not excessive in itself.

For the reasons stated, defendant's convictions and sentences for rape and deviate sexual assault are affirmed. The two convictions for contributing to the sexual delinquency of a child are reversed.

Affirmed in part; reversed in part.

MILLS and TRAPP, JJ., concur.