(No. 40286.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HAROLD SAWYER *et al.,* Appellants.

*Opinion filed March 27, 1969.—Rehearing denied May 27, 1969.*

Ward, J., took no part.

Robert S. Bailey and Arthur E. Engelland, both of Chicago, for appellants.

William G. Clark, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago,

(FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL STEVENSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendants, Harold Sawyer and Sam Ehrenberg, were tried by jury in the circuit court of Cook County and found guilty of the crime of gambling. Sawyer was sentenced to the penitentiary for a term of not less than one year nor more than one year and one day and Ehrenberg was placed on probation for a period of five years. Each defendant has appealed.

The defendants first claim is that a sworn complaint for a search warrant was insufficient because it did not refer to the room number of an apartment in a multi-unit building. The sworn complaint for the warrant requested its issuance to search Room 409 at 4246 North Sheridan Road, Chicago, and the warrant itself directed a search of that room. However, the facts stated in the complaint to establish probable cause for the issuance of the warrant did not mention the room number and were substantially as follows: On two separate occasions two informers who had previously furnished reliable information to the affiant, an FBI agent, told affiant that they had recently called race horse bets into a certain telephone number and placed their bets with a man named "Harold". Affiant stated that he determined that the records of the telephone company revealed that this number was listed to Harold S. Laurey, 4246 North Sheridan Road, and affiant further stated that he personally called the number and placed a bet with a man named Harold. It was brought out at the hearing on the motion to quash the warrant and suppress the evidence, that the building at this address was a seven or eight-story building containing many rooms and apartments. The defendant

admits the sufficiency of the warrant but claims that the facts stated in the sworn complaint were an insufficient basis for the issuance of the warrant to search Room 409. We do not agree.

In *United States* v. *Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741, the court granted *certiorari* to review the standards by which a reviewing court should approach the interpretation of affidavits supporting warrants which have been duly issued by examining magistrates. The court reviewed prior decisions which strongly supported a preference for a search under a warrant and pointed out that in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall. The court pointed out that affidavits for search warrants were normally drafted by nonlawyers in the haste of a criminal investigation and must be tested in a common-sense and realistic fashion and that courts should not invalidate a warrant by interpreting the affidavit in a hypertechnical manner. Although the issue in the *Ventresca* case was not the sufficiency of the description of the place to be searched, the reasoning and language are applicable here. The affidavit herein, the sworn complaint, stated the name of the party in whom the telephone was listed and gave the street address. The agent obviously had checked and found the room number, for it was stated in the complaint and in the warrant. The situation is analagous to that in *People* v. *Mc-Grain,* 38 Ill.2d 189, where an affidavit was attacked on the basis that the facts stated were not based upon the personal observation of the affiant. While the affidavit did not positively state that affiant had personally observed· certain facts on a certain date, the court construed the language in a common-sense manner and said that this was the only logical interpretation. So here, the logical interpretation is that affiant had made an investigation from which the room number was obtained, for otherwise the number could not

have been stated. The failure to incorporate the number in the portion of the sworn complaint reciting the investigation does not render the complaint invalid.

Defendants also argue that the evidence was insufficient to establish their guilt. Police officers testified that they found documents in the apartment which were of the type used in the business of taking wagers, including a record of bets received; that the defendants were the only two occupants of the room; and that each defendant had a key to the room in his possession. There were two telephones in the room and during a period of about twenty minutes while the officers were in the room, two of them answered the phones and accepted numerous bets. This is clearly not a case where a defendant has been found guilty merely because he was in the vicinity of a crime. The evidence that the defendants were the only people in the room, that they each had a key to the room and that a record of bets was found in the room, coupled with evidence of the phone calls, was sufficient to establish that the defendants possessed apparatus by means of which bets and wagers were recorded. Ill. Rev. Stat. 1965, chap. 38, par. 28—1(a)(5).

At the trial the officers who testified as to the telephone calls were permitted to refer to notes of the contents of the calls and these notes were later admitted in evidence. The defendants do not argue that evidence of the phone calls was inadmissible, but object to the fact that the officers were permitted to read from their notes and that these notes were admitted in evidence. At the trial, however, counsel objected to the admission of this evidence on the ground that it was outside the presence of the defendants, an objection which was apparently based upon the hearsay rule. The court overruled that objection and counsel made no objection to the officers referring to the notes. The objection is now urged on an entirely different basis from the objection in the trial court and, since it was not made there, it will not be considered here. When the State offered all its

exhibits the court asked the defendants' counsel if he wanted to be heard and counsel stated that the court could note his objection. The court then proceeded to consider all of the State's exhibits and no further objection was made, although at the conclusion of the offer of each exhibit the court stated, "Objection overruled." We do not believe that the general objection to the admission of all the exhibits, made prior to their offer in evidence, was sufficient to pre-serve the question of their admissibility, and we therefore do not consider defendants' argument that the notes should not have been admitted in evidence. In any event, they were not taken to the jury room and the fact that they were admitted in evidence could not have prejudiced the jury, since the jury heard all the evidence which was contained in the notes.

The court ruled that certain defense exhibits were inadmissible. These exhibits were reports that the arresting officers had filed after the arrest and search, and, if admissible at all, were only admissible to impeach the witnesses. They were furnished to defense counsel for his use in attempting to impeach the testimony of the officers and were in his possession during his cross-examination. In the cross-examination of one officer the witness said that he did not talk to the defendants at the time of their arrest and counsel brought out that in the officer's written report he stated that the defendants admitted to being operators of a "wire room", which the officer said was a center for taking horse race bets. This was the only attempt to prove that a witness had made a prior inconsistent statement and it seems clear that the defendants were not prejudiced by the court's ruling that the reports were not admissible.

The defendants also contend that the prosecutor's final argument was improper. At one point in the argument, the prosecutor stated that no testimony had been presented to dispute the testimony of the officers. Counsel objected, stating that it was not incumbent upon him to present any testi-

mony, and the court sustained the objection. At another point the prosecutor referred to the large number of bets that were received by the officers and asked the jurors whether they would condone this type of conduct. The defendants objected stating that conduct was not on trial and the court overruled the objection. The defendants argue that the first instance referred to amounted to a comment on the failure of the defendants to testify. While it is conceivable that the statement of the prosecutor could be subject to that interpretation and the remark would have been better left unsaid, we are of the opinion that in view of the prompt objection and the court's prompt ruling, there was no prejudicial error. The other instance complained of was proper argument, since it is permissible to refer to the nature of the crime and comment on the conduct of the accused. *People* v. *Brown,* 16 Ill.2d 482.

We turn now to the final contention which pertains to Sawyer only. At the time of sentencing the court made the following remarks:

"Furthermore, their entire attitude, particularly Sawyer's, from the time of the arrest has been one of a complete lack of cooperation. I am not penalizing anyone for taking a jury trial, but I don't think they are entitled to any consideration as a defendant is who comes in and pleads guilty and is honest with the Court. I have given them an opportunity to have their say." Somewhat later in imposing the sentence the court said, "This case, I assume, will go up to a higher court. I think it is high time the whole question of penitentiary and County Jail should be tested. That is the only reason I am going to—Harold Sawyer, the Court sentences you to the Illinois State Penitentiary a minimum term of one year, a maximum term one year and one day." We are of the opinion that this sentence cannot be permitted to stand. In spite of the judge's protestation that he was not penalizing the defendant for taking a jury trial, it seems clear that in fact he did just that. His later remark can only

be interpreted to mean that the only reason he sentenced the defendant to the penitentiary was to get an opinion from this court as to whether the crime with which the defendant was charged subjected defendant to such imprisonment. Some confusion on this question was created by certain amendments to the gambling statute enacted by the legislature in 1965. The confusion was dispelled by this court in *People* v. *Chatman,* 38 Ill.2d 265, but had not been resolved at the time of this trial. One who is sentenced to the penitentiary only for the reason that the judge wants a test case has not been fairly sentenced.

The judgment of conviction of each defendant is affirmed. As to the defendant Sawyer, the sentence is vacated and the cause is remanded to the trial court for a new sentence in accordance with the views expressed herein.

*Affirmed in part, and vacated in part and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.