THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALEX STAVROS, Defendant-Appellant.

(No. 58419; ▮▮▮▮▮▮▮

First District (4th Division)—April 10, 1974.

Howard D. Geter, Jr., of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Jerald A. Kessler, and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant was charged in a three-count indictment with committing the offenses of syndicated gambling, gambling and keeping a gambling place. He was sentenced to a term of from 1 to 2 years for syndicated gambling, 1 to 2 years for gambling, and 1 year for keeping a gambling place. All three sentences were to run concurrently.

The issues presented on appeal are (1) whether the defendant was proven guilty beyond a reasonable doubt; (2) whether the trial court erred in denying the defendant's motion to quash Count I of the indictment; and (3) whether the defendant was denied a fair trial.

On June 10, 1971, police officers of the city of Chicago, acting pursuant to a search warrant, went to the premises at 10058 South Calumet Avenue, Chicago, Illinois. The defendant, Alex Stavros, opened the door and was presented with the search warrant. The police then proceeded to search the premises. Officer James Palmer subsequently seized certain gambling paraphernalia from a space under a false stair leading to the

attic. The defendant was placed under arrest and a search of his person revealed he was carrying $1,000 in cash. At trial, the parties stipulated the defendant resided on the premises in question, but was not the sole occupant and paid rent only for that portion of the premises where he resided. Officer Palmer testified the gambling paraphernalia found under the stair consisted of numerous scratch sheets and records of bets. The bets were dated, but none were dated June 10, 1971, the date of the search and arrest. An American Express money order receipt, purchased by the defendant and payable to an individual in Bolivia, was also found among the gambling paraphernalia. Palmer further testified that in his opinion there were more than five bets confiscated and they totaled more than $2,000. His opinion was based upon his belief that the number "2" recorded on the records stood for 200, although he admitted the customary bet at a race track is $2. The defendant testified he did not place the gambling paraphernalia in the staircase and had no knowledge of the items found. He denied making or accepting any wagers. At the conclusion of the trial, the court found the defendant guilty of syndicated gambling, gambling and keeping a gambling place. He was sentenced to 1 to 2 years for syndicated gambling, 1 to 2 years for gambling, and 1 year for keeping a gambling place, all sentences to run concurrently.

The defendant contends he was not proven guilty beyond a reasonable doubt as to the offenses charged. The State, however, maintains the evidence shows the defendant engaged in bookmaking involving more than five bets and totaling more than $2,000; defendant knowingly possessed the gambling paraphernalia found under the stair; and he was in control of the premises and therefore in constructive possession of the contraband. The State contends the trial court properly found the defendant guilty, and the trial court's determination is not so improbable as to warrant reversal. The State bases its contention on the decision in *People v. Mitchell* (1970), 45 Ill.2d 148, 154, wherein the supreme court stated:

> " 'It is well established that we will not disturb the findings of the trier of fact and substitute our own conclusions unless the proof is so unsatisfactory as to justify a reasonable doubt as to defendant's guilt.' "

We agree with the defendant's contention that he was not proven guilty beyond a reasonable doubt. Count I of the indictment charged the defendant with the offense of syndicated gambling. Section 28—1.1 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 28—1.1(b) and (d)) requires the defendant to receive or accept more than five bets or wagers upon the result of any trial or contest of skill, with the total amount of the bets exceeding $2,000, in order to be found guilty of syndicated gambling. The evidence presented by the State with regard to Count I

consisted of Officer James Palmer's testimony. He testified that in his opinion more than five bets were confiscated, and they totaled more than $2,000. Officer Palmer did not know, however, who placed the gambling paraphernalia under the stair or who accepted the bets. He further admitted he interpreted the figure "2" recorded on the records as being $200, although a customary bet at a race track is $2. A review of the record in the instant case indicates no evidence was presented showing the defendant accepted or received any of the bets or wagers. There is likewise no evidence that the total of the bets exceeded $2,000. The State failed to prove the necessary elements of the offense of syndicated gambling.

Count II of the indictment charged the defendant with the offense of gambling in that he "knowingly owns or possesses any book, instrument, or apparatus by means of which bets or wagers have been, or are, recorded or registered, or knowingly possesses any money which he has received in the course of a bet or wager; * * *." Ill. Rev. Stat. 1969, ch. 38, par. 28—1(a)(5).

■■ In order to sustain a conviction under the above section of the statute the fact of possession must be shown beyond a reasonable doubt. (*People v. Lucas* (1969), 109 Ill.App.2d 303.) Both parties to this cause stipulated that the defendant occupied a portion of the premises in question but was not the sole occupant and did not pay rent for the entire premises. Although the defendant had access to the place where the contraband was found, the State was required, and failed, to show beyond a reasonable doubt that the defendant had actual possession of the contraband. (*People v. Jackson* (1961), 23 Ill.2d 360.) Furthermore, the facts that the police found $1,000 on the defendant's person and recovered an American Express money order receipt purchased by the defendant for the same amount, fails to show the defendant possessed any money which he received in the course of a bet or wager.

■■ Count III of the indictment charged the defendant with keeping a gambling place. In *People v. Perry* (1966), 34 Ill.2d 229, the supreme court held in order to sustain such a conviction the People must prove the following three elements beyond a reasonable doubt:

"First, that defendant owned, occupied or controlled the building * * *; second, that the building was used for purposes of gambling; and third, that defendant 'knowingly' permitted such use."

The State failed to prove any of the elements required by the Supreme Court. No evidence was presented showing the defendant controlled the premises. He was merely one of several tenants in the building. No evidence was offered by the State to prove the premises were used for gambling purposes. On the date of the search and arrest the police did

not observe any gambling on the premises. Further, the State failed to produce any evidence which revealed the defendant had any knowledge the premises were being used for gambling purposes. We conclude, therefore, the State failed to prove the defendant guilty beyond a reasonable doubt on any of the counts in the indictment.

In view of our finding above, defendant's other contentions need not be considered.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is reversed as to all counts.

Reversed.

ADESKO, P. J., and JOHNSON, J., concur.