THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MODESTO MONTES, Defendant-Appellant.

First District (4th Division)    No. 76-1332

Opinion filed February 16, 1978.

Kluczynski, Dore & O'Toole, of Chicago (William G. Clark, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Rimas F. Cernius, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Modesto Montes, defendant, was charged by indictment with gambling, syndicated gambling, and keeping a gambling place. Following a bench trial in the circuit court of Cook County, defendant was found guilty of syndicated gambling (Ill. Rev. Stat. 1973, ch. 38, par. 28—1.1(d)), and was sentenced to 5 years probation.

The sole issue presented for review is whether defendant was proved guilty of syndicated gambling beyond a reasonable doubt.

We affirm.

Officer Adolph Ramos procured a search warrant for defendant and his apartment at 1622 West Roscoe, in Chicago, Illinois, for the purpose of seizing all gambling instruments and apparatus, including Bolito slips. Officer Ramos testified he executed the warrant on June 11, 1975, and upon being admitted to the apartment by defendant's wife, he and his partner discovered several Bolito slips on the kitchen table. An envelope with defendant's name on it was found in a nearby cabinet. Shortly thereafter, in the basement storage area, he saw Santos Delgado hand defendant a shopping bag containing Bolito slips and United States currency.

Officer Ramos testified he had been working on cases of Bolito gambling for approximately 4 years and had made over 100 arrests. He described Bolito as a game based on the last three digits of a six-digit Puerto Rican Lottery. He stated a Bolito slip contains 3 numbers upon which the bet is placed, the letters "A.P." or "C.B." which denote an approximation bet or a combination bet, and a dollar amount. He

testified the shopping bag contained $747.47 in cash. He interpreted the numbers 400, 200, 1600, and 800 found in the dollar column of the Bolito slips to refer to $4, $2, $16, and $8 respectively. Based on this computation he said the approximate total of bets from the Bolito slips was in excess of $10,000.

Defendant testified at trial and denied that either he or his wife had taken any Bolito wagers. He stated he had taken the shopping bag as a favor for someone whose name he did not know.

Defendant contends the State failed to prove that he accepted more than five bets or wagers and failed to prove that the total amount of money paid or promised was in excess of $2,000 as required by statute:

> "A person engaged in bookmaking when he receives or accepts more than five bets or wagers upon the result of any trials or contests of skill, speed or power of endurance or upon any lot, chance, casualty, unknown or contingent even whatsoever, which bets or wagers shall be of such size that the total of the amounts of money paid or promised to be paid to such bookmaker on account thereof shall exceed $2,000. Bookmaking is the receiving or accepting of such bets or wagers regardless of the form or manner in which the bookmaker records them." Ill. Rev. Stat. 1975, ch. 38, par. 28—1.1(d).

Defendant argues he was not connected to the Bolito slips which were found on his kitchen table because it was not proved who wrote the inscriptions on the slips or who accepted the wagers. He also argues the total amount of money paid or promised was not proved to be more than $2,000 because the shopping bag contained only $747.47 in cash and because the numbers on the Bolito slips, said to be dollar amounts by Officer Ramos, were not conclusively proved to be such because there were no dollar signs.

OPINION

We find the elements of syndicated gambling were proved beyond a reasonable doubt. Several Bolito slips, totalling $212, were found in defendant's apartment along with an envelope addressed to defendant. He was thereafter found to be in possession of a shopping bag containing currency and Bolito slips. The amount of all the contents totalled more than $10,000, according to Officer Ramos.

Defendant relies on the case of *People v. Stavros* (1974), 18 Ill. App. 3d 1071, 1074, 311 N.E.2d 220, where the court found unreasonable a policeman's testimony that the dollar figures on a wagering slip actually represented an amount 100 times larger. However, there was no evidence that the police officer giving testimony qualified as an expert.

■■ In this case, the officer interpreted the number 400, 200, 1600, and

800 to refer to $4, $2, $16, and $8, respectively. There is no question that inflated dollar figures were used. Moreover, the record shows that Officer Ramos was an expert concerning Bolito operations. As such, he could testify to inferences involving that subject which an inexperienced person would not be competent to draw. Any argument about the testimony relating to the amount of money represented by the Bolito slips goes to the weight to be accorded his testimony. (*United States v. McCoy* (5th Cir. 1976), 539 F.2d 1050, 1062-63. Also see *United States v. Smith* (9th Cir. 1975), 519 F.2d 516, 520-21; *United States v. Cafero* (3d Cir. 1973), 473 F.2d 489, 503.) Here, Officer Ramos had been working in the area of Bolito gambling for several years; and the court, as the trier of fact, apparently found his testimony to be reasonable and believable in this regard.

■■ In contrast, defendant's testimony, that he had accepted the shopping bag of Bolito slips and currency for someone whose name he did not know, is not believable; when defendant elects to explain his actions he must tell a reasonable story or be judged by its improbability. (*People v. Ward* (1975), 31 Ill. App. 3d 1022, 1026, 335 N.E.2d 57; *People v. Greene* (1975), 27 Ill. App. 3d 1080, 1091, 328 N.E.2d 176.) We cannot say the trial court's evidentiary determination was erroneous.

Furthermore, the defendant has contended that there was a failure to connect him with the slips found in the apartment. No such proof was necessary. The contents of the shopping bag contained far in excess of $2,000 in Bolito slips. The evidence of the slips found in the apartment was for the purpose of attempting to show that defendant was guilty of other like offenses. His possession of the shopping bag amply supports the conviction for syndicated gambling.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.