THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROZELLE MITCHELL, a/k/a Rozelle Lewis Mitchell, Defendant-Appellant.

First District (2nd Division)    No. 79-1903

Opinion filed December 2, 1980.

Ralph Ruebner and Fe Fernandez, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Noble Nacev, and Ann L. Benedek, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

On August 9, 1977, some 42 weapons were taken from a licensed gun distributor who operated from a Berwyn, Illinois, gas station, located on Ogden Avenue. On August 11, 1977, defendant Rozelle Mitchell was arrested after seven of the stolen weapons were recovered in his apartment pursuant to a search warrant. Defendant was convicted of theft after a bench trial and received a one- to three-year sentence. The only issue defendant presents for review is whether probable cause existed for the issuance of the search warrant. For the reasons set forth below, we affirm.

On August 11, 1977, Chicago police investigator Leo J. Tandyk pre-

pared a complaint for a search warrant supported by an affidavit which he signed and swore to, and submitted them to a circuit court judge. The complaint, a standardized form, contained a caption which indicated that a search warrant was sought for "the building located at 5522 S. Elizabeth, first floor consisting of five rooms and an enclosed porch, basement and garage. Chicago Ill." in order to seize 39 guns, listed by model, serial number, caliber gage, and action, which constituted evidence of the offense of theft. The lower portion of the complaint form, the body of the complaint, stated, among other things, that: the complainant is a Chicago police officer, presently assigned to the Criminal Investigation Division; he received a phone call on August 9, 1977, from an informant, whom he had known for seven years; the informant was of proven past reliability, setting forth details of his involvement in two previous successful arrests and convictions; because this informant told him he might have some information concerning a quantity of stolen guns, he met with him on August 10, 1977; the informant told him that on the "night befor [sic] (9 Aug.) he had been in the home located at 5522 S. Elizabeth, and that while at this location, a man known only to him as 'WILLIE' offered to sell him two guns and that he had several more for sale. When * * * Willie left the room the informant was able to copy down the serial numbers of * * * the two guns," which he later gave to complainant; complainant checked police records and learned that the two guns were taken in a burglary of a gas station on Ogden Avenue in Berwyn on August 9, 1977.

On August 11, 1977, the judge issued a search warrant, pursuant to the foregoing complaint, which tracked the description of the location and guns included in the complaint's caption. Officer Tandyk later testified at trial that on that day, at 11 a.m., he and another police officer went to 5522 S. Elizabeth, a two-story brick building and were admitted into the first floor apartment by a tenant who led them through his apartment, down a stairway and into the basement apartment. There they found defendant, gave him a copy of the search warrant, searched the apartment and recovered six handguns and a rifle. A search of the first floor resulted in the recovery of an additional revolver. All the weapons were taken into police custody and inventoried. Defendant was arrested, and on August 30, 1977, he was indicted for theft. In his motion to quash the search warrant, defendant argued that the warrant was not supported by probable cause for the reason that the affidavit did not "* * * delineate with specificity the area or apartment in the building where the informant had seen the guns." The motion was denied.

The State also called Avery Moore, the gas station owner, who testified that he was licensed to sell firearms from his gas station. He kept the guns in a locked storage room to which he had the only key. He closed the station at 11 p.m. on August 9, 1977. When he returned at 7 a.m. on the

following day, he discovered that a hole had been made in the roof of the storage room and approximately 42 guns, his entire inventory, had been stolen. He kept written records of the weapons, including models and serial numbers, made a list of the stolen guns, and submitted it to police. He identified the six handguns and the rifle in court as being among the weapons which were taken from his station during that burglary. Investigator Tandyk then testified concerning the search and the subsequent recovery of the seven weapons identified by Avery, which we have previously set forth.

Defendant testified that he had purchased the guns on August 11, 1977, from an unidentified man at Theresa's Tavern at 48th Street and Indiana Avenue in Chicago. He overheard a conversation between this man and another patron about guns for sale. In response to a question from defendant, the man told him he had all sizes. Defendant left the tavern and went with the man to a car. The man opened the trunk and inside some boxes were handguns of which he bought five or six. He also purchased the rifle from this man. The total price for all the weapons was $550, which he paid in cash. In August 1977, he was employed as a clerk, earning $160 per week, gross.

On rebuttal the State submitted evidence of defendant's felony conviction for an attempt burglary in 1978.

Defendant was convicted of theft. His post-trial motion that the search warrant should have been quashed was denied and he was sentenced as previously noted. This appeal followed.

Defendant's principal contention on appeal is that the complaint for search warrant did not specify in which of three apartments the weapons would be found or in which apartment the informant had visited the defendant and had seen the guns. Conceding that the caption of the complaint specified the first floor and basement, he argues that this must be viewed as a conclusion by Tandyk unsupported by information he received from the informant because it was not included in the body of the fact statement. Therefore, he urges, the complaint failed to enable the magistrate to make an independent probable cause finding that evidence would be found in the specific units as required by *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. In *Aguilar*, the Supreme Court identified the constitutional mandate that search warrants may be issued only upon a showing of probable cause, and whenever a search warrant is sought on the basis of information supplied by an anonymous informer, the issuing magistrate must be provided with sufficient facts from which he can determine the reliability of the informer and the accuracy of the information presented.

■■ Since *Aguilar*, further constitutional refinements require that a complaint for search warrant set forth sufficient underlying circumstances so

that the magistrate may make an independent evaluation of the conclusion that the contraband sought to be seized is where the informant said it would be, among other things. (*People v. Ranson* (1972), 4 Ill. App. 3d 953, 955, 282 N.E.2d 462.) Recognizing that complaints for search warrants are normally drafted by nonlawyers, often in the haste of criminal investigations, they must be tested in a common sense and realistic fashion. (*People v. Sawyer* (1969), 42 Ill. 2d 294, 251 N.E.2d 230, *cert. denied* (1969), 396 U.S. 928, 24 L. Ed. 2d 225, 90 S. Ct. 262; *United States v. Ventresca* (1965), 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741.) For these reasons, search warrants have been upheld where the body of the supporting complaint included the wrong city, but the caption of the complaint included the correct city (*United States v. Avarello* (5th Cir. 1979), 592 F.2d 1339), and where the complaint failed to explicitly identify the source of the information when it was inferable from the complaint. (*United States v. Beusch* (9th Cir. 1979), 596 F.2d 871; *People v. Sawyer*.) Affidavits submitted in application of a search warrant are to be read as a whole and not dissected. (*United States v. Fried* (9th Cir. 1978), 576 F.2d 787; *United States v. Bamberger* (9th Cir. 1973), 482 F.2d 166.) Some deference is to be accorded an issuing magistrate's probable cause determination. (*Spinelli v. United States* (1969), 393 U.S. 410, 419, 21 L. Ed. 2d 637, 645, 89 S. Ct. 584, 590-91.) Even in marginal cases, determinations may be influenced by a preference to be accorded searches based on warrants, because a negative attitude by reviewing courts toward warrants could discourage their use. See, *e.g. United States v. Brown* (8th Cir. 1978), 584 F.2d 252, 256; *United States v. Ventresca*.

■■ Both the caption and the body of the present complaint were prepared by Investigator Tandyk. The body of the complaint was sufficiently detailed, but the informant is not reported there as having described the precise location of where the transaction occurred; this information appeared only in the caption. In consideration of the above-cited cases, however, the only fair interpretation to be made of the complaint in its entirety is that the informant had told Tandyk that he had observed the weapons in the first floor and basement apartments. Tandyk had summarized other information within the caption in obvious reference to detail contained in the body of the complaint. For example, when he related the informant's observation and documentation of the serial numbers in the caption, the precise serial numbers were not again repeated in the body of the complaint, presumably because they already appeared in the caption. The trial court could have logically inferred that the precise serial numbers given to Tandyk by the informant were the same as those contained in the caption. Further, there was no mention within the body of the complaint that the building in question was located in Chicago, although the caption also included this detail. Reading the

complaint with a common sense approach, the trial judge could have logically inferred that Tandyk's summary of the informant's observations in the body of the complaint also referred to the apartment units specifically thereinabove captioned, particularly since they were both prepared by the same affiant, Tandyk.

■■■ As a cautionary note, we observe that Officer Tandyk would have been better advised to have included the captioned information in more detail within the body of the complaint. At the same time we are reminded that an officer's complaint for a search warrant should not be judged "as an entry in an essay contest" (*United States v. Bamberger*), but should be given a realistic, rather than a hypertechnical interpretation (see, *e.g., People v. Sawyer; United States v. Ventresca*). The requirements of *Aguilar* have been met here because the issuing judge had probable cause to believe that the evidence would be found in the first floor and basement apartments, based upon the observations of the informant. We must accordingly affirm.

Affirmed.

PERLIN, P. J., and STAMOS, J., concur.